My name is Qi Xianli. I am here on behalf of the petitioner. In the first court, Your Honor, the first and foremost issue before this court is whether or not the BIA's adverse predictive finding is proper under the substantial evidence set forth by this court. We submit to the court that the BIA in this case has failed this test miserably, and the court is compelled to reverse the BIA's adverse predictive determination. In support of its adverse predictive finding, the BIA identified several inconsistencies in the petitioner's testimony, among which the BIA relied upon the inconsistencies that only existed because the BIA misread or distorted the record. I give the court two examples. The first one is that according to the BIA, the petitioner testified that the church group she joined was like her uncle's, thus relying on her subsequent testimony that she did not know which religious group her uncle had belonged to. Your Honor, I would like to direct your attention to page 74 of the administrative record. On page 74, when asked by the immigration judge whether or not the church group she joined is a different church group than her uncle's church group, the petitioner testified clearly a different one, not the same. However, in the BIA's decision, the first page of the BIA's decision is on page 2 of the administrative record. According to the BIA, the petitioner testified that the church group she joined was like her uncle's. So it's just beyond my understanding, Your Honor, that how such an obvious error could make its way to the BIA's decision. I would not have been baffled as much as I am if this is the only distortion of the record. Now, this is called the second one. In the BIA's decision, page 3 of the administrative record, in its first four paragraphs, according to the BIA, the BIA says, at the end of the hearing, petitioner mentioned for the first time that she had a second pregnancy and a second child. And the record clearly indicates that the petitioner first made a reference to the fact that she has two children in her statement attached to her original I-589 application. Also, on page 56 of the record, at a previous hearing, almost half a year prior to the hearing, the BIA referred to when asked by the immigration judge whether or not petitioner's husband and two children are in China, petitioner stated to the immigration judge, yes, Your Honor. So, again, the BIA clearly missed the point that by saying that the petitioner mentioned for the first time that she had a second child at the end of the hearing. Your Honor, I submit to the court that just based on these two obvious errors alone, the court is compelled to reverse the BIA's credibility finding. If a court reverses the BIA's credibility finding, and here I agree with the government that the court should remand this case to the BIA for determination on whether or not petitioner has met her burden of proof showing that she is eligible for assignment and withholding of removal in light of the Supreme Court's decision in Ventura, given the fact that the petitioner is credible. Let me ask you, do you have authority to support the proposition that the fact that the BIA got facts wrong, except the proposition, the two examples you pointed out indicated the BIA's position is not supported by the evidence. That does not necessarily mean that the client is credible. Is there authority to support the proposition? We have to jump to the conclusion that the adverse credibility determination needs to be set aside. Yes, Your Honor. I guess the issue before this court on credibility issue is that whether or not the BIA has made the substantial evidence in its adverse credibility finding. They cited other evidence. Could the other evidence be relied upon? Before this court, Your Honor, this court is not conducting a de novo review based on the evidence in record. So the court, if the court reverses the BIA's decision on credibility issue, usually the court will find petitioner to be credible. That's what I'm looking for. Yes, Your Honor. I do have the case, I believe it's P versus Ashcroft. I do have the case written in here. In the end, the court in P versus Ashcroft says that the government should not be given repeated opportunities to show that the petitioner is not credible. And the site is 382 Fifth Third 593. Isn't that 328 instead of 318? 3108, Your Honor. 3108 Fifth Third 593. And it's a recent decision. I happen to be the counsel in that case. Well, Your Honor, unless you have other questions for me, I would like to reserve the remainder of my time for possible rebuttal.  Good morning, and may it please the court. My name is Jocelyn Wright. I'm here on behalf of the respondent, the U.S. Attorney General. The issue in this case is whether the record compels the evidence that Ms. Chen was telling the truth with respect to her asylum application. But before I address the credibility issue, I'd like to remind the court that the only inquiry that's properly before the court is whether or not she's credible for purposes of determining her eligibility for restriction on removal. Because she has waived any challenge to the denial of asylum by failing to challenge the immigration judge's discretionary finding that even if she were statutory eligible, Well, that's assuming that the board adopted those findings. Yes, Your Honor, I'm relying on the last very last sentence on the board's decision. Well, the board discussed all the issues relating to credibility and said nothing about denying it in its discretion. And the fact that we've got a boilerplate last line may may bring up sort of the basic, the evidence and the reasoning regarding credibility. But what authority is there to say that they really intended to also adopt the finding that they would not grant asylum for discretionary reasons? I mean, why would they bother to go through the whole first part and not even mention that they're just going to deny it anyway? The board's decision says that we agree with the immigration judge's decision. And for those reasons stated therein, we will affirm and dismiss the appeal. Well, I understand that. But they discuss at length something that they don't have to discuss at all, that they're just going to deny it as a discretionary matter. And they don't mention anything about denying it as a discretionary matter. But the failure to mention the discretionary matter, I believe, Your Honor, is excused because they did adopt in whole. And it's an intact the immigration judge's decision. Well, they did start out by saying we adopt the immigration judge's decision and then go on after that to give some reasons just out of the goodness of their heart as to why they were doing it. They first went through the whole issue of credibility, made their own determinations, and then at the end threw in a line that said we adopt the reasoning of the DIT. It would be a very odd way to adopt a major holding unrelated to anything they discussed and making everything they discussed totally unnecessary. Well, no, Your Honor. It's not totally unnecessary. It was an alternative basis for denying it. What is not totally unnecessary is to adopt the second theory that they deny it in the exercise of their discretion. It's still necessary to make a ruling on the first one? Well, no. But I'm saying that by discussing the credibility of the DIT, the credibility issue, the Board wasn't waiving its ability to adopt the immigration judge's decisions on the other basis. And this court's decision in Al-A-I-L-U-A, A-L-A-E-L-U-A, specifically stands for the proposition that when the Board does adopt the immigration judge's decision, it's the immigration judge's decision that is reviewed. And because in this case it agreed with the credibility determinations, although it did discuss additional reasons, certainly it wasn't precluded from doing that. As to the other issues that remained undiscussed, it did adopt what the immigration judge specifically found in her decision. And in that decision, she denied asylum on the basis of discretion, which Ms. Chen has failed and has waived the issue on appeal to this Court by failing to bring the issue properly. Do you know of any case that says that they adopt a second alternate theory? It's not even an alternate theory. That they say even if she's eligible, we deny it as a matter of discretion. Do you have any case in which they have done that and been upheld without mentioning in the Board decision that they adopt the discretionary ruling? I'm not sure I understand Your Honor's question. I'm not sure I do either. There are cases. I don't think I put it to you very clearly. There are cases in the Supreme Court certainly that have decided that where the granted relief is ultimately in the discretion of the Attorney General, then he can skip the statutory eligibility analysis. No, I haven't messed up my question. Okay. Yes, they could skip it. Yes. They could have just gone and said whatever, whether she's credible or not, we deny it in the exercise of our discretion. The BIJ could have done that. The BIA could have said we agree with that. And it's up to the judge they do. They didn't have to do the credibility issue at all. Now, my question to you is when the Board discusses at length the credibility issue and makes a determination on it and then says we adopt the reasoning, not at the outset says we adopt the whole decision, but goes through its reasons for dealing with a credibility issue and says therefore because of credibility we're in agreement with the decision and because we're not persuaded with any of the arguments on appeal, again, dealing with credibility, we affirm the decision based on and for the reasons set forth therein. Do you have any case that says anything like that is enough to bring up the issue that they don't discuss at all? I would, again, rely on a liability which doesn't explicitly face that actual situation, Your Honor, but which does set up a conversation. That's the closest case. That's correct. But there are also no cases that say that the Board is prohibited from doing exactly what it did in this case. But in Iowa, the Board adopted the IJ decision without offering any additional reasons. That's correct. All Iowa says you can do that. Yes, and that's exactly what they did with respect to the discretionary denial of asylum. I'm not quite sure because in Iowa there was absolutely no discussion. Apparently the BIA didn't discuss anything. Here we have a discussion that's sort of a tagline that says we adopt the IJ decision. So it's difficult. I think what Iowa says is that if it's clear that they have reviewed the issues, that's sufficient. It's not clear to me on this, and maybe you can articulate why you think it is that they reviewed that particular decision of the IJ. But, Your Honor, simply by discussing the credibility issue, in addition to affirming the immigration judge on the other issues that she had decided in her case, doesn't necessarily preclude the Board of Immigration Appeals from also adopting the additional findings, the other alternative bases for denial. No, I agree with you on that. I just wondered.  And it looks to me, trying to read it in context, is that they were reviewing the credibility findings and that's what we adopt the position of the IJ. I understand your argument, but it's difficult for me to see how they independently considered and reviewed the discretionary decision. The problem, I think, that I have with that is that final sentence that you're relying on, which starts out, therefore means for the reasons we have previously given. And what they have previously given relates only to credibility, not to the exercise of discretion. Yes, but it could also be read to mean that, so therefore we affirm the immigration judge's credibility findings, but because we affirmed the entire decision, it subsumes the discretionary denial of asylum as well. All right. Well, we've probably kept you long enough on that question. Do you want to say more, Your Honor? Yes. Moving on to the actual. Be more careful interrupting. Well, now you only have to do the one word. Only one person and one word. Affirm. I'm going to move on to the actual credibility findings now, Your Honor. And although Petitioner has, Ms. Chen has pointed out to, or relied on two specific findings that the Board find, and we don't contest that the Board made a mistake on the issue of whether or not the religious sect that she joined was like her uncle's, or I believe it's her uncle's. There was a translation error in the beginning. But that doesn't preclude affirmance of the Board's decision and the immigration judge's decision on the credibility issue for a reason. In Chebcheb, the Court recognized that only one inconsistency can be sufficient to affirm the substantial evidence under the substantial evidence standard so long as it does go to the heart of the asylum claim. And in this case, there is one very significant inconsistency, or at least questionable area of credibility that the immigration judge relied on, and that is the belated assertion that she had a second child. And this is important because in her asylum application, the I-589, she specifically only places, without handwriting, only one child who was born in, I believe, 1991. And her attachment to that, the asylum statement, I disagree with counsel on this case. In that statement, she doesn't mention that she has two children. She specifically mentions that she had to leave her husband and her son, her baby son. She doesn't mention at all the son who was born in 1991. And the omission is important because she says in her asylum application that the reason she wasn't jailed for her allegedly religious activities is because her son was only eight months old. Now, if her son was only eight months old, it would have been sometime in 1991 that all of this alleged religious persecution happened. However, according to her own application, she says it wasn't until 1994 that she became involved with a whole religious sect at all. And so because of that very major discrepancy in the timeline, and I see that my time has run over.  Thank you, Your Honor. Because of that very major discrepancy in the timeline, it became incumbent on her, and the judge, the immigration judge, was perfectly reasonable in making the legitimate inference that all of a sudden she had to make up a second son to account for the timeline, to let it make sense. And her explanation to the immigration judge, let me back up a little bit. Throughout the entire hearing, she never mentioned her second son at all until the very last end when the immigration judge said, well, we've asked you all the questions. Is there anything else that you want to tell us in regards to your asylum application? And that was the only time after several hours of testimony that she finally decided to say, well, I do have a second pregnancy. But her mention of the second pregnancy wasn't at all in relation to the alleged religious persecution, but in an attempt to bring her asylum case into the limits of the new refugee definition which allowed asylum for persons from the People's Republic of China who could establish forced sterilization on account of their violation of the family planning policies. And so the immigration judge properly relied on this discrepancy in the record in order to find Ms. Chen not credible. And there hasn't been any reasonable explanation put forward for her belated assertion of a second birth. And for that reason, we believe that this Court can and should affirm the credibility, the adverse credibility findings as well. And unless there are any further questions, then I will simply end by asking the Court to deny this petition for review. Thank you. Thank you, Judge. Your Honor, addressing the issue of whether or not the petitioner waived on the discretionary factor, I would like to – in this case, Your Honor, it's obvious that the BIA did an independent review of the case. For example, the judge never mentioned that the church group where she joined was like her uncle's. The judge never mentioned that the petitioner mentioned for the first time at the end of the hearing that she had a second child. So therefore, it's obvious the BIA has conducted an independent review of the transcript of the hearing. So the law is clear that if the BIA adopted some or not all of the IJS decision, the Court reviews the BIA's decision. Except to the extent the IJS decision is expressly – emphasized the word expressly adopted by the BIA. The case is cited in my opening brief. So in this case, it's obvious that the BIA has not expressly adopted the IJS ruling on the discretionary factor. Also, in – Well, the last sentence is – I mean, if you – there's argument both ways on what the BIA meant by that last sentence when we said we approved the decision based upon and for the reasons set forth there. And what's your response to the government's argument on that? Well, again, Your Honor, because the BIA has made an independent review of the record and the Court reviews the BIA's decision unless the IJS decision is expressly adopted by this Court. And so the decision – it doesn't use the word plural. It's just a decision. So it means the ultimate decision of denying the petitioner's asylum. So based on the BIA's analysis, the BIA denied the asylum based upon the inconsistencies, the lack of credibility on the part of the petitioner, not because there's an adverse factor that warrants the denial of the asylum application in excess of discretion. Secondly, just to address the issue that Judge Clifton raised, whether or not I have authority on if the BIA has been found not to meet the standard on the credibility issue, and then whether the Court should just find the petitioner credible or just remain the case to the BIA for another crack at the credibility issue, I pinpoint the authority that's on page 604 of the P versus H part. The Court says the INS, having lost this appeal, meaning the petition for review before this Court, should not have repeated opportunities to show that Mr. He is not credible anymore, that Mr. He, had he lost, should have an opportunity for remain and further proceedings to establish his credibility. So, therefore, if the Court finds that the BIA has met the substantial evidence test, in this case, the Court is compelled to reverse the BIA's decision and find the petitioner to be credible and then remain the case for determination on the eligibility for asylum. Thank you, Your Honor. Thank you, counsel. The case just argued will be submitted. Now the second case of Cameron v. Ashcroft.
judges: Reinhardt, Thomas, Clifton